UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

METROPOLITAN CASUALTY
INSURANCE COMPANY,

Plaintiff,

v.

BRENDA LAMMERS and MICHAEL
LAMMERS,

Defendants.

CASE NO. C15-5369 JRC

ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Joint Status Report, Dkt. 11, p. 2). This matter is before the Court on plaintiff's motion for summary judgment (Dkt. 14) and has been fully briefed (*see* Dkts. 14, 15, 16, 17, 18, 19).

Plaintiff Metropolitan Casualty Insurance Company ("MetLife") asks the Court to enter an order as a matter of law that defendants Brenda and Michael Lammers are collaterally estopped from claiming UIM coverage under the MetLife automobile policy

issued to defendants for damages arising from a motor vehicle accident in Arizona on April 19, 2010 (Dkt. 14). Defendants litigated their personal injury and loss of consortium claims in a binding high/low arbitration in Maricopa County, Arizona. The arbitration award was $84,130.92 to defendant Brenda Lammers, which was less than the third party tort feasor's policy of $100,000.00. That arbitration award did not result in a judgment, but rather a stipulation and order of dismissal with prejudice. Washington law states that a party to an action is not collaterally estopped unless the previous case resulted in a "judgment." A stipulation and order of dismissal with prejudice, under either Washington law or Arizona law, is not a "judgment." Therefore, defendants are not collaterally estopped from making a claim under the Under Insured Motorist provisions of their insurance policy even though the matter was previously arbitrated for a lesser amount.

Therefore, plaintiff's motion for summary judgment is denied.

## FACTUAL SUMMARY

The facts are largely undisputed. Ms. Lammers was on a motorcycle and was involved in an accident with Anthony Bivona in Maricopa County, Arizona. Mr. Bivona was insured by Allstate at the time of the collision with liability limits of $100,000 (Dkt. 14, p. 2). Defendants filed a lawsuit against Mr. Bivona in Maricopa County. The parties litigated the action in Maricopa County, but finally stipulated to submit the case to binding high/low arbitration (Ex. A, Decl. of Stephanie Yedinak (hereinafter "Yedinak Decl.," Dkt. 15, p. 5)). The parties stipulated and agreed that plaintiff would not receive less than $30,000 and not more than $100,000 (*id.*, p. 9, ¶ 5). The agreement also specified that after the arbitration, the case would be dismissed with prejudice and each

side would bear its own fees and costs (*id.*). After an arbitration, on January 23, 2015, the arbitrator issued an award in favor of Ms. Lammers in the amount of $84,130.92 (*id.*, Ex. C at p. 2, line 20, p. 3, line 9). The arbitrator did not award Mr. Lammers any damages for loss of consortium (*id.* at p. 3, lines 12-13). Mr. Bivona's insurer promptly paid the arbitration award and on March 16, 2015 the parties filed in Maricopa County a notice of settlement and a stipulation to dismiss with prejudice (*id.* at Ex. D, Ex. E). The court dismissed the case with prejudice on March 19, 2015 (*id.*, Ex. F).

On February 17, 2015, defendants filed a policy limit demand with their own underinsured motorist carrier, MetLife, for $250,000 on (*id.*, Ex. G).

Plaintiff MetLife filed this lawsuit claiming that it had no obligations under the insurance policy because defendants are collaterally estopped from claiming that the amount they are legally entitled to collect as a result of the accident is in excess of $84,130.92 (Dkt. 1, p. 5, ¶ 18).

Defendants filed their answer and counterclaim, alleging that plaintiff unreasonably denied coverage and seeks affirmative relief including reasonable attorney's fees and costs for violation of the Insurance Fair Conduct Act (Dkt. 7, pp. 6-7).

## Summary Judgment Standard

Summary judgment is appropriate if the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (*quoting* FRCP 56(c)). Whether collateral estoppel is available to a litigant is a question

of law that is properly resolved on summary judgment. *Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1114 (9th Cir. 1999) (citation omitted).

<u>Washington's Collateral Estoppel Standard</u>

Both parties agree that the law of the forum state applies to determine the preclusive effect of the Arizona arbitration award. *See* Plaintiff's Motion (Dkt. 14, p. 8); Defendants' Response, (Dkt. 17, p. 11). The parties also agree on the standard applied by Washington courts to determine if defendants are collaterally estopped from bringing suit. Plaintiff cites *Renninger v. Dept. of Corrections*, 134 Wn.2d 437, 449, 951 P.2d 782 (1998) (Dkt. 14, p. 7) and defendant cites *Gurtz v. New Hampshire Insurance*, 65 Wn. App. 419, 422-23, 828 P.2d 90 (1992) (Dkt. 17, p. 6). Both cases use basically the same standard. As stated by plaintiff:

> For collateral estoppel to apply, the party seeking application of the doctrine must establish that (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding; (2) the earlier proceeding ended in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding; and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied. *Renninger v. Dep't of Corrections*, 134 Wn.2d 437, 449,
> 951 P.2d 782 (1998).

(Dkt. 14, pp. 6-7. *See* Defendants' Response, Dkt. 17, p. 6, (*citing Gurtz, supra* at 422-23).

The parties also agree that one of the critical issues is whether or not the arbitration award in Arizona, which resulted in the parties filing a stipulation and order of dismissal constitutes a "judgment," as defined in the second prong of the above standard. *See* Plaintiff's Motion (Dkt. 14, p 8), Defendants' Response (Dkt. 17, pp. 13-15).

The parties disagree regarding which state's law should apply when it comes to defining what constitutes a "judgment." Plaintiff claims that Arizona law applies. (Dkt. 14, pp. 8-14). Defendants claim that Washington law applies; however none of the cases cited by defendants confronts the issue of whether an arbitration proceeding results in a final judgment. (Dkt. 17, pp. 11-13 (*citing Corley v. Hertz Corp.,* 76 Wn. App. 687 (1994); *W. Am. Ins. Co. v. Macdonald*, 68 Wn. App. 191 (1992); *Van Vonno v. Hertz Corp.*, 120 Wn.2d 416 (1992))). As stated by the Washington Court of Appeals: "To determine whether the Oregon arbitration proceeding resulted in a final judgment, we look to Oregon law, [because] '[the] local law of the state of rendition determines whether or not a judgment is final and, if not, what issue or issues remain subject to final determination.'" *Larsen v. Farmers Insurance Co.,* 80 Wn. App. 259, 263, 909 P.2d 935, 937 (1996) (*citing Taylor v. Basye*, 119 Wn. 263, 205 P. 16 (1922)) (*quoting* Restatement (Second) of Conflicts of Laws § 107, comment (c) (1971)). According to the Restatement (Second) of Conflicts of Laws § 107, comment (c), as "between States of the United States, application of the local law of the State of rendition to determine whether a judgment is final is required by the Constitution." However, this Court sees no substantive difference between the law of Washington and Arizona on this issue. Neither state considers a stipulation and order of dismissal with prejudice a "judgment", as that term is commonly applied.

Arizona Rule of Civil Procedure 76 provides for the entry of "judgment" upon a compulsory arbitration award where no appeal has been filed, if a party seeks to have such judgment entered. Ariz. R. Civ. P. 76(c) ("Upon expiration of the time for appeal, if

no appeal has been filed, any party may file to have judgment entered on the award"). In this case, however, the parties agreed to enter a stipulation for binding arbitration and, following the arbitration, to dismiss the case with prejudice upon the completion of the arbitration. *See* Declaration, Dkt. 15, Exhibits E, F. Therefore, the compulsory arbitration rules, which allow for the entry of a judgment do not apply, although they do suggest that an arbitration award, by itself, is not a judgment and that a party must file with the court an order for entry of judgment on the arbitration award. Nevertheless, for all other arbitrations, Arizona has adopted the Arizona Arbitration Act, Ariz. Rev. Stat. Ann. § 12-1514, which provides, in part, that a party may seek a "judgment or decree" and provides a mechanism for confirming an arbitration award and entering a "judgment." *See* Ariz. Rev. Stat. Ann. § 12-1514. According to this Arizona statute, upon "the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree." *Id.* This is not dissimilar from Washington law, which has similar provisions and will be discussed more below. *See,* e.g., RCW 7.04A.220 ("after a party to the arbitration proceeding receives notice of an award, the party may file a motion with the court for an order confirming the award, at which time the court shall issue such an order unless the award is modified or corrected under RCW 7.04A .200 or 7.04A.240 or is vacated under RCW 7.04A.230").

    A "judgment" is a clearly defined judicial decree that results in a number of specific rights, including the right to execute on the judgment, *see, e.g., Byers v. Wik*, 169 Ariz. 215, 218-19 (Ariz. App. Ct. 1991) (*citing* Ariz. Rev. Stat. § 12-1553(2)), provide a

lien on real property, *see, e.g., Freeman v. Winthroath Pumps-Div. of Worthington Corp.,* 475 P.2d 274, 276 (Ariz. Ct. App. 1970), full faith and credit in another state, *see e.g.,* U.S. Const. art. IV, § 1; RCW 6.36.910, RCW 6.36.025; *In re Wagner,* 50 Wn.App. 162, 166, 748 P.2d 639 (1987), and call for supplemental proceedings, *see, e.g., Lore v. Citizens Bank,* 51 Ariz. 191, 195, 75 P.2d 371, 372 (Ariz. 1938) . A stipulation and order of dismissal comes with none of these resulting benefits and burdens. An arbitration award may be binding on the parties to the arbitration, but such an award is still not a "judgment" entered in a court of competent jurisdiction. Since Washington's law of collateral estoppel clearly requires a "judgment," a private arbitration between parties will not fulfill this requirement. If the arbitration award had been reduced to judgment in Arizona, then perhaps that might have led to a different result. But those are not the facts presented in case here.

Neither party has cited the Court to any case that is directly on point regarding whether an arbitration award, followed by a stipulation and order of dismissal with prejudice constitutes a "judgment" for purposes of applying the Washington law of collateral estoppel. Plaintiff concedes that there is little case law determining the preclusive effect of "common law" arbitrations in Arizona (Dkt. 14, page 10). Such being the case, the Court concludes that the relevant Arizona statute is relatively straightforward on this issue and provides persuasive guidance. According to this Arizona statute, upon "the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree." Ariz. Rev. Stat. Ann. § 12-1514. This statute unequivocally

indicates that in order for a judgment to be entered, there first must be "the granting of an order confirming, modifying or correcting an award." Here, there was no granting of an order confirming, modifying or correcting the arbitration award. Instead, there was an order of dismissal with prejudice that included the following language:

> Pursuant to Stipulation and good cause showing therefore,
>
> IT IS ORDERED that the above-caption and numbered matter be, and the same hereby is, dismissed with prejudice, all parties to bear their own attorneys fees and costs.
>
> ORDERED this date: _____, 2015.

(Yedinak Decl.," Dkt. 15, Exh. F).

This is the entire Order, and it is clear that there is no mention of the arbitration award, much less any confirmation, modification or correction of such award. (*See id.*). In addition, plaintiff has not submitted any evidence that judgment specifically was entered on the arbitration award. The situation presented here thus contrasts with one in which a "court [] affirmed the award and entered judgment." *Nelson v. Ochsner*, 2013 Ariz. App. Unpub. LEXIS 240 at *5 (Ariz. Ct. App. 2013) (unpublished opinion); *see also Requip v. Jeffrey C. Stone, Inc.*, 2010 Ariz. App. Unpub. LEXIS 830, *2, 2010 WL 1050320 (Ariz. Ct. App. 2010) (unpublished opinion) ("the superior court entered judgment, confirming the arbitration award 'in its entirety' and awarding 'Summit' its attorneys' fees of $240,596.02 and costs of $20,481.79"). In the absence of controlling caselaw on this issue, the Court finds the Arizona statutory scheme to be persuasive as to Arizona law on whether or not an arbitration award that is not confirmed by the court is a judgment. Therefore, the Court concludes that because there was no order confirming,

modifying or correcting the arbitration award, judgment never was entered. *See* Ariz. Rev. Stat. Ann. § 12-1514.

The Court also notes that, as noted by the Arizona Court of Appeals, there is a particular procedure specified by statute for obtaining confirmation of an arbitration award in Arizona:

> Section 12-1511 (2003), entitled "Confirmation of an award," specifies the procedure to be followed by a party seeking to have an arbitration award confirmed by the superior court:
>
> A party seeking confirmation of an award shall file and serve an application therefor in the same manner in which complaints are filed and served in civil actions. Upon the expiration of twenty days from service of the application, which shall be made upon the party against whom the award has been made, the court shall enter judgment upon the award unless opposition is made in accordance with § 12-1512.

*Morgan v. Carillon Invs., Inc.,* 207 Ariz. 547, 550, 88 P.3d 1159, 1162, 2004 Ariz. App. LEXIS 57, *9, 424 Ariz. Adv. Rep. 24 (Ariz. Ct. App. 2004) (*quoting* Ariz. Rev. Stat. Ann. § 12-1512). Plaintiff does not submit any evidence suggesting that this procedure was followed by either party to the arbitration, thus buttressing this Court's conclusion that, pursuant to Arizona law, an arbitration award that has not been confirmed by the court is not a judgment and that they are distinct. This statutory procedure in Arizona for confirming an award and obtaining thereby a judgment also demonstrates that there can be an award without a judgment.

The contrast between the case herein and one in which this above-noted procedure was followed is demonstrated by an Order in a 2009 case before the Arizona Superior Court, which included the following language:

> This matter has come before the Court from Plaintiff's Motion to Confirm Arbitration Award, pursuant to A.R.S. §12-1511. After considering Plaintiff's Motion to Confirm Arbitration Award, Defendant's Opposition and all other pleadings and supplements, and after hearing oral arguments on June 9 and June 11, 2009, this Court granted Plaintiff's Motion to Confirm Arbitration Award in open court on June 11, 2009. Accordingly, pursuant to A.R.S., § 12-1511 and A.R.S. § 12-1514;
>
> IT IS HEREBY ORDERED that Judgment upon the Arbitration Award dated February 13, 2009, and the supplemental and Amended Arbitration Award dated April 3, 2009, attached as Exhibits 1 and 2 and which are incorporated to this Judgment by reference for all purposes, is entered in conformity therewith in favor of Plaintiff, Desert Sun Management, LLC, and against Defendant, Swaim Associates, Ltd.

*Desert Sun Mgmt. Llc v. V.,* 2009 Ariz. Super. LEXIS 1104 at *1 (Ariz. Super. Ct. June 22, 2009) (unpublished opinion). According to Arizona law, a particular procedure must be followed in order to obtain confirmation of an arbitration award, and after such procedure is followed, judgment thereafter is entered. There is no evidence of a judgment in this case on the arbitration award. If an arbitration award were equivalent to a judgment pursuant to Arizona law, there would be no need for this statutory procedure.

In addition, defendants cite a case that is substantially the same as the case before the Court involving an Oregon arbitration and discussing Washington law. *See Larsen v. Farmers Insurance Co.,* 80 Wn. App. 259, 265, 909 P.2d 935, 938 (1996). In that case, plaintiff Larson was involved in an automobile accident in Portland, Oregon in

Multnomah County. The responsible third party had liability coverage in the amount of $25,000. Larson sued the third party in Multnomah County Circuit Court. Oregon has a mandatory arbitration statute. The arbitrator awarded Larson $21,366.00. Larson and the third party filed a stipulated order of dismissal, similar to the stipulation and order of dismissal with prejudice filed in the case before this Court. *Id.* at 261, 909 P. 2d at 936. Larson then made a UIM claim against defendant Farmers Insurance Company before a panel of three arbiters in Lewis County, Washington. The panel granted the motion to terminate the arbitration based on collateral estoppel. Larson then filed suit in Lewis County Superior Court, arguing that the Oregon arbitration award was not a "final judgment" and that he was not precluded from seeking UIM damages in excess of $21,366. The court gave an exhaustive analysis as to why a "judgment" was not the same as an arbitration award that resulted in a stipulation and order of dismissal. *See id.* at 265-66, 909 P.2d at 938-40. Among other things, the court noted that a judgment is not recognized nor enforced in other states unless it is a final determination under the local law of the state of rendition. *See id.* at 263 (footnotes omitted). Only after a judgment is entered, does the award "'have the same force and effect as a final judgment.'" *Id.* at 265 (*quoting* O.R.S. 36.425(3)). Citing Washington law, the court noted that the Washington legislature did not consider an arbitration award to be equivalent to a final judgment of a court unless there is a subsequent award of a judgment. *Id.* at 265, (*quoting Channel v. Mills*, 61 Wn.App. 295, 299-300, 810 P.2d 67 (1991)). Although the Washington code provisions have since been repealed and replaced, the analysis still is relevant, as there still remains a process for confirmation of an arbitration award. *See id.;* RCW 7.04.150,

160, 170, 180, 190 (repealed); RCW 7.04A.220 ("after a party to the arbitration proceeding receives notice of an award, the party may file a motion with the court for an order confirming the award, at which time the court shall issue such an order unless the award is modified or corrected under RCW 7.04A .200 or 7.04A.240 or is vacated under RCW 7.04A.230"); *see also* RCW 230, 240. As noted previously, the law in Washington on this topic is similar to that in Arizona, as in Arizona "an order confirming, modifying or correcting an award," is required before judgment is entered, Ariz. Rev. Stat. Ann. § 12-1514, and in Washington, "the party may file a motion with the court for an order confirming the award . . . ." RCW 7.04A.220. Statutes in both states provide a mechanism by which a party may receive an order confirming the award. The logical inference is that an arbitration award is not automatically confirmed absent an explicit order from the court and does not qualify as a judgment pursuant to the law in either Arizona or Washington.

The *Larson* court also noted with approval 4 Am. Jur. 2d, *Alternative Dispute Resolution* § 214, 241-42, which states, in part:

> The award of the arbitrators acting with the scope of their authority determines the rights of the parties as effectually as a judgment secured by regular legal procedure and is as binding as a judgment until set aside or its validity questioned in a proper manner. *However it has also been said that it is only judgment entered on arbitration after confirmation that is entitled to res judicata effect.*

*See Larsen, supra* 80 Wn. App. at 267-68 (italics added by the *Larsen* court) (footnotes omitted by *Larsen* court), 909 P.2d at 940. The court concluded that an arbitration award, resulting in a stipulation and order of dismissal, was not equivalent to a final

judgment on the merits. *Id.* at 265, 909 P.2d at 938.  This Court finds that the reasoning in *Larsen* is not only sound, but also is persuasive and clearly sets forth Washington's law of collateral estoppel, especially as it affects claims for UIM coverage, which is the subject of this case. *Swift Tool Co. v. Erickson (In re Erickson),* 2008 Bankr. LEXIS 618 at 13-14, 49 Bankr. Ct. Dec. 154 (Bankr. W.D. Wash. Feb. 13, 2008) ("under Washington law an arbitration award that is not reduced to judgment does not have *res judicata* or collateral estoppel effect . . . .") (*citing Channel v. Mills*, 61 Wn. App. 295, 810 P.2d 67 (1991) (" arbitration award not reduced to judgment does not have collateral estoppel effect"); *Larsen, supra*, 80 Wash. App. 259, 909 P.2d 935 ("construing Oregon law but finding it similar to Washington and following *Channel*")) (rejecting "dicta" in *Dougherty v. Nationwide Ins. Co.*, 58 Wash. App. 843, 795 P.2d 166 (1990)). None of the cases cited by plaintiff are similarly binding or persuasive.  Plaintiff cites *Funk v. Funk*, 6 Ariz. App. 527, 434 P.2d 529 (1967) for the proposition that an arbitration award is a "final decision" on the merits. Dkt. 14, p. 12.  While this may be true, it is not a "final judgment."  The *Funk* case did not involve collateral estoppel.  Rather, "[t]he single issue presented by the appellants is whether it was error, in the absence of a showing of fraud, for the trial court to modify the arbitration agreement . . . ." *Funk v. Funk*, 6 Ariz. App. 527, 530, 434 P.2d 529, 532 (1967). The court noted that the parties had agreed to accept the arbitration "as if it were a judgment determining this matter." *Id.*  This language does not support the conclusion that an arbitration award is the same as a judgment.  In fact, the court seems to be acknowledging that an "arbitration agreement" is distinguishable from a "judgment," unless the parties agree that it will be treated as such.  Further

distinguishing this matter from *Funk*, in *Funk*, "[t]he board's award was entered and filed in the superior court of Maricopa County." *Id.* at 531, 6 Ariz. App. at 529. Even though the arbitration award in *Funk* was "not [] a statutory arbitration," and was a common law arbitration, the resulting award nevertheless was entered and filed with the court. *Id.* Here, plaintiff has not presented any evidence that the arbitration award was entered and filed with the court in Arizona. It also appears that in *Funk*, there was an "original judgment on the award," which is not present here. *Id.* at 533. The Court concludes that *Funk* buttresses this Court's discussion above regarding the Arizona statutes, and evidences that even in common law arbitrations in Arizona, the award needs to be entered or confirmed by the court in order for judgment to be entered on it. Plaintiff also cites *Torres v. Kennecut Copper Corp.*, 15 Ariz. App. 272, 274, where the court stated that "[a] dismissal with prejudice is a judgment on the merits, and is therefore *res judicata* as to every issue reasonably framed by the pleadings. *Id.* at 274, *citing DeGraff v. Smith*, 62 Ariz. 261, 157 P.2d 342 (1945); 53 Am.Jur.2d, Master and Servant § 408 (1970). In *Torres,* the court went further and said that plaintiffs were "collaterally estopped" from bringing a claim against defendant. 15 Ariz. App. at 274, 488 P.2d at 479. Both *Torres* and *DeGraff* involve principals of *respondeat superior*. *Id.; DeGraff v. Smith*, 62 Ariz. at 264, 488 P.2d at 479. Both cases involved situations in which an employer was released from liability when the claims against the servant were dismissed with prejudice. Since the alleged master could only be found liable on the basis of *respondeat superior*, and the claims against the servant were dismissed with prejudice, both courts found that the claims against the employer were barred by *res judicata*. These claims based on

*respondeat superior* are a far cry from UIM claims, and involve different standards than are applicable here.  For example, although the *Torres* court concluded that collateral estoppel applied, this conclusion was in the context of the application of Arizona law regarding collateral estoppel, which, as discussed below, does not require a final judgment, as is required pursuant to Washington law regarding collateral estoppel, which governs here, but only requires a valid and final decision.

Finally, plaintiff cites two Arizona cases involving the court's mandatory arbitration rules which stand for the proposition that under the mandatory arbitration rules and if no appeal has been taken, the arbitration award becomes "final and binding as a judgment of the Superior Court" following the expiration of appeal period.  *See Dkt. 14,* p. 13, *citing Valler v. Lee*, 190 Ariz. 391, 393, 949 P.2d 51, 53 (Ariz. Ct. App. 1997) *and Suppland v. Nilz,* 128 Ariz. 43, 623 P.2d 832 (Ariz. Ct. App. 1980).  Again, these cases are significant in what they do not say.  First, they do not stand for the proposition that a stipulation and order of dismissal should be treated as a "judgment." Instead, after the time for appeal expires, and the award becomes "final and binding as a judgment of the Superior court, [] the Clerk of the Superior Court shall enter the award in the judgment docket. *Valler, supra,* 190 Ariz. at 393. Second, they both involved mandatory arbitration rules that, as the parties concede, were not binding on the arbitration proceeding in the matter before this Court.  Third, those mandatory arbitration rules clearly distinguish between an arbitration award and a "judgment," which may, or may not, follow the arbitration award or could result in an appeal and demand for a trial *de novo*. Ariz. Rev. Stat.§ 12-133(f).

Although plaintiff cites *Neff v. Allstate Ins. Co.*, 70 Wn. App. 796 (Wash. Ct. App. 1993), that case is distinguishable, as in *Neff*, the "arbitrator's award was reduced to judgment and filed with the Whatcom County Superior Court on December 17, 1991." *Id.* at 798. As noted numerous times throughout this Order, there was no explicit entry of the arbitrator's award in the matter before the Court, and no explicit reduction to judgment.

Also distinguishable is plaintiff's citation to *Fisher ex rel. Fisher v. Nat'l Gen. Ins. Co*, 192 Ariz. 366, 965 F.2d 100 (Ariz. App. Ct. 1998), as that case did not involve the issue of collateral estoppel or whether or not an arbitration award was a judgment, but involved, in part, the issue of whether or not the 90-day deadline applied regarding confirmation of the arbitration award and whether or not there was any reason that the award should not be confirmed instead of vacated. Interpreting the relevant statutes, the court concluded that the award should have been confirmed. *Id.* at 103, 192 Ariz. at 369. Here, there is no such confirmation and no evidence that the award was presented to the court for confirmation; and, such issue bears little relevance as to whether or not the award constitutes a "judgment." Similarly, here, neither party is arguing that the award should be vacated.

Plaintiff also cites *Roden v. Roden*, 29 Ariz. 549, 243 P. 413 (1926) and *Suttle v. Sealy*, 94 Ariz. 161, 163-64, 382 P.2d 570, 572 (1963) for the proposition that an arbitration award constitutes *res judicata* because it has been a "final determination" on the merits of the case. *See Roden v. Roden,* 29 Ariz. at 549 and *Suttle v. Sealy*, 94 Ariz. at 163-64. While this may be true, a final determination is not the same as a final judgment. There is a subtle difference between Arizona law and Washington law on the

issue of collateral estoppel.  Under Arizona law, the third prong of the collateral estoppel test is that there is "a valid and final decision on the merits." *See Campbell v. SZL Properties, Ltd.*, 204 Ariz. 221, 223, 62 P.3d 966, 968 (2003) (*citing Garcia v. General Motors Corp.*, 195 Ariz. 510, 514, 990 P.2d 1069, 1073 (Ariz. Ct. App. 1999)).  Whereas Washington law provides that collateral estoppel only applies when there is a "final judgment." *See Renninger v. Dept. of Corrections*, 134 Wn.2d 437, 449, 951 P.2d 782 (1998); *Gurtz v. New Hampshire Insurance*, 65 Wn. App. 419, 422-23, 828 P.2d 90 (1992). Therefore, although Arizona courts may very well consider an arbitration award akin to a judgment for purposes of applying Arizona's collateral estoppel rules because it is a "final decision," as noted earlier, the parties agree that Washington's collateral estoppel rules apply in this case (Dkt. 14, p. 7, Dkt. 17, p. 6), and Washington collateral estoppel rules require a "final judgment."  Therefore, any Arizona cases applying a different collateral estoppel standard are inapplicable. In all other respects, Arizona courts treat judgments as distinctly different from arbitration awards.  As noted earlier, in Arizona a judgment can result in a lien against real property, *see, e.g., Freeman v. Winthroath Pumps-Div. of Worthington Corp.,* 475 P.2d 274, 276 (Az. Ct. App. 1970), it would entitle the party to full faith and credit in another state, *see e.g.,* U.S. Const. art. IV, § 1; RCW 6.36.910, RCW 6.36.025; *In re Wagner,* 50 Wn.App. 162, 166, 748 P.2d 639 (1987), and would give the enforcing party the opportunity to bring supplemental proceedings, *see, e.g., Lore v. Citizens Bank,* 51 Ariz. 191, 195, 75 P.2d 371, 372 (Ariz. 1938).  None of these rights would occur until and unless a party receiving an arbitration

1 award had filed a judgment. Nor would a stipulation and order of dismissal with prejudice entitle the parties to such relief.

Since a "judgment" in many respects is distinctly different than a "decision on the merits," and since Washington rules of collateral estoppel requires a "judgment," this Court concludes that defendants are not collaterally estopped from bringing an underinsured motorist claim against plaintiff.

Plaintiff's motion is denied.

Dated this 14th day of March, 2016.

*[signature]*

J. Richard Creatura
United States Magistrate Judge